**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**RYAN TODD LE BOSS,**

    **Petitioner,**

v.                                                       Case No. 1:24cv098-MW/MAF

**RICKY D. DIXON, Secretary,
Florida Department of Corrections,**

    **Respondent.**
_____/

**REPORT AND RECOMMENDATION**

On June 7, 2024, Petitioner Ryan Todd Le Boss, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, and a supporting memorandum, ECF No. 2. On October 14, 2024, Respondent filed a motion to dismiss the petition as untimely, with exhibits. ECF No. 9. Petitioner has filed a reply. ECF No. 12.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition should be

dismissed as untimely. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Ryan Todd Le Boss challenges his conviction and sentence from the Eighth Judicial Circuit, Alachua County, Florida. ECF No. 1. In particular, on August 26, 2021, pursuant to a negotiated plea agreement, Petitioner Le Boss entered a no contest plea in Alachua County case number 2020-CF-607 to one count of manslaughter (Count II) and one count of leaving the scene of an accident involving death (Count III), in exchange for the State agreeing to enter a nolle prosequi on the count charging second degree murder (Count 1). Ex. B.[1] The plea agreement specifically indicated that Le Boss "specifically reserves his right to appeal the court[']s denial of his motion to suppress evidence." On September 30, 2021, the state trial judge imposed a sentence of fifteen (15) years in prison, followed by fifteen (15) years of probation. Ex. C.

Le Boss appealed his judgment and sentence to the First District Court of Appeal (First DCA), assigned case number 1D21-3127, and asserted

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 9.

three points of trial court error concerning the denial of a pretrial motion to suppress.  Ex. D.  The State filed an answer brief arguing that issue was not dispositive and the State did not stipulate to dispositiveness.  Ex. E.  Le Boss filed a reply brief.  Ex. F.  On April 19, 2023, the First DCA issued a written opinion affirming the case.  Ex. G; Le Boss v. State, 359 So. 3d 436 (Fla. 1st DCA 2023).  In its opinion, among other things, the court explained:

> In this case, nothing in the record shows that the State stipulated that the issue raised in the suppression motion was dispositive of the prosecution; in fact, dispositiveness was never mentioned at all.  The agreement the prosecutor signed does not indicate that the issue was dispositive, and we will not infer such stipulation from the agreement itself.  Accordingly, we are not bound by Churchill [v. State, 219 So. 3d 14, 18 (2017),] to accept the appealed issue as dispositive.

Le Boss, 359 So. 3d at 441.  The court further explained that "suppression of the evidence that was the subject of the motion would not have completely frustrated the State's case as it already had ample evidence against Le Boss before the warrantless entry" and "[w]ith this evidence, we find that the State would have been able to proceed to trial, even if the trial court had granted the motion to suppress."  Id.  The court thus concluded "the order denying the motion to suppress was not dispositive of the case against Le Boss" and "because Le Boss did not reserve a dispositive issue, section 924.051(4) forecloses any relief on appeal."  Id.

Le Boss did not seek further review in the Florida Supreme Court or the U.S. Supreme Court. *See* ECF No. 1 at 3; ECF No. 9 at 2. Nothing indicates he sought post-conviction relief in the state courts. *See* ECF No. 1 at 3; ECF No. 9 at 2.

As indicated above, on June 7, 2024, Le Boss filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On October 14, 2024, Respondent filed a motion to dismiss the petition as untimely, with exhibits. ECF No. 9. Petitioner Le Boss filed a reply on January 2, 2025. ECF No. 12.

## Analysis

Under the AEDPA, there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment that prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. *Id*. § 2244(d)(1)(B)-(D). The period is tolled

for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, as indicated above, the First DCA issued an opinion on April 19, 2023, affirming Petitioner's conviction and sentence. Ex. G; Le Boss v. State, 359 So. 3d 436 (Fla. 1st DCA 2023). Le Boss did not seek additional review in the Florida Supreme Court even though he could have done so within thirty (30) days of the date of the opinion, as Respondent explains, ECF No. 9 at 4. *See* Fla. Const. art. V, § 3(b)(3) (providing that Florida Supreme Court "[m]ay review any decision of a district court of appeal that expressly declares valid a state statute, or that expressly construes a provision of the state or federal constitution, or that expressly affects a class of constitutional or state officers, or that expressly and directly conflicts with a decision of another district court of appeal or of the supreme court on the same question of law"); Fla. R. App. P. 9.120(b) ("The jurisdiction of the supreme court shall be invoked by filing a notice . . . within 30 days of rendition of the order to be reviewed."); *see, e.g.*, The Fla. Star v. B.J.F., 530 So. 2d 286, 288 (Fla. 1988) (explaining that Florida Supreme Court "in the broadest sense has subject-matter jurisdiction under article V, section

3(b)(3) of the Florida Constitution, over any decision of a district court that expressly addresses a question of law within the four corners of the opinion itself"). Therefore, his conviction became final for federal habeas purposes on **May 19, 2023**, upon expiration of the thirty-day period for seeking review in the Florida Supreme Court. *See* Gonzalez v. Thaler, 565 U.S. 134, 137 (2012) (holding that "for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"). *See also, e.g.*, Jones v. Fla. Dep't of Corr., No. 21-10331-E, 2021 WL 3824675, at *1 (11th Cir. Apr. 20, 2021) (citing Gonzalez and Rule 9.120(b) and explaining, "Because Jones did not appeal his convictions to the Florida Supreme Court, the convictions became final when the time to seek appellate review expired on August 18, 2017, which was 30 days after the Fourth District Court of Appeal affirmed his convictions and sentence on July 19, 2017.").

Le Boss had one year after May 19, 2023 – until Monday, May 20, 2024 – to file his federal habeas petition, absent tolling activity. *See, e.g.*, Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1218 (11th Cir. 2017) (explaining Cadet's conviction became final "on December 23, 2002, . . . [and] [o]n that same date, Cadet's one-year statute of limitations for filing a federal habeas petition began to run," citing 28 U.S.C. § 2244(d)(1)(A)); Downs v. McNeil,

520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis). He evidently did not seek post-conviction relief in the state courts and thus no tolling activity occurred. See ECF No. 9 at 2. Accordingly, his one-year AEDPA limitations period expired May 20, 2024, and his § 2254 petition, filed June 7, 2024, is untimely.

In his reply, Petitioner Le Boss asserts entitlement to equitable tolling "because neither his appellate lawyer nor the First DCA Clerk timely informed him about the results of his appeal" and "[w]ith the equitable tolling, his § 2254 petition is timely." ECF No. 12 at 1. In particular, Le Boss asserts:

> Petitioner's direct appeal was denied with a written opinion on April 19, 2023. However, Petitioner was not informed about the denial by either the First DCA Clerk or Petitioner's appellate counsel. Instead, Petitioner discovered the denial when he reviewed Volume 48, Number 17 of *The Florida Law Weekly* in his prison's law library. This issue was printed on April 28, 2023, but not received by his prison's law library until May 3, 2023. (See attached). Petitioner did not know about the opinion until a prison law clerk – who was reviewing his paperwork at the time – noticed the opinion on September 15, 2023. On that date Petitioner read, for the first time from *The Florida Law Weekly*, the opinion denying his direct appeal. See 48 Fla. L. Weekly D828. Thus, Petitioner first became aware of the denial on September 15, 2023.

*Id*. at 2. Le Boss attaches prison legal-mail logs "from the relevant periods." *Id*. He explains:

> On April 21 and May 2, 2023, Petitioner received legal mail from the Law Office of Thomas McDermott. This law firm was not Petitioner's appellate or trial lawyer. On May 16, 2023, Petitioner received legal mail from Jacob Grollman, Esq. This law firm was not Petitioner's appellate or trial lawyer. On May 23, 2023, Petitioner received four correspondence from Kenneth D. Padowitz P.A. This law firm was Petitioner's appellate lawyer. The four correspondence Petitioner received from Kenneth D. Padowitz did not contain the First DCA's opinion or mandate; moreover, Kenneth D. Padowitz did not inform Petitioner in the correspondence about the result of the appeal.

*Id*. at 2-3. Le Boss asserts that "[t]he failure by the First DCA clerk or Petitioner's appellate counsel to timely inform him about the result of his appeal entitles Petitioner to equitable tolling as an extraordinary circumstance under Knight v. Schofield, 292 F.3d 709 (11th Cir. 2002) and Mashburn v. Commissioner, 713 Fed. Appx. 832 (11th Cir. 2017)." *Id*. at 3. He argues his § 2254 petition is "timely because it was filed within one-year of September 15, 2023," the date he learned the result of his direct appeal. *Id*.

"[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009)). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of establishing equitable tolling and "the allegations supporting equitable tolling must be specific and not conclusory." Hutchinson v. Florida, 677 F.3d 1097, 1099 (11th Cir. 2012).

Petitioner Le Boss has not met his burden of showing either that he diligently pursued his rights under the AEDPA or that some extraordinary circumstance kept him from timely filing his § 2254 petition. *See* Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1313 (11th Cir. 2001) (explaining that petitioner must "establish his own due diligence in ascertaining the applicable limitations period"). His allegation that he did not know about the result of his direct appeal until a few months after the decision does not constitute an extraordinary circumstance. *See, e.g.,* Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014) ("[V]ague allegations about the existence of impediments, without more, or an argument that fails to explain how such impediments prevented the timely fling of the petition, does not establish extraordinary circumstances."); Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1061 (11th Cir. 2011) (allegations supporting equitable tolling must be factual and specific, not conclusory); Drew v. Dep't of Corr., 297 F.3d 1278, 1288 (11th Cir. 2002) (explaining "[a] lengthy delay between

the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition" but affirming finding that petitioner did not meet burden as "[e]ven assuming that he did not receive the district court's order until February 1996, Drew has provided no evidence supporting his claim that he repeatedly attempted to ascertain the status of his case from the Clerk's office, a burden necessary to sustaining his claim of extraordinary circumstances"); *see also, e.g.*, Ilarion v. Crosby, 179 F. App'x 653, 655 (11th Cir. 2006) (affirming finding that petitioner did not show due diligence and explaining "[e]ven assuming Ilarion made these written inquiries [of the court], this Court has previously required more of incarcerated petitioners in order to demonstrate due diligence"); Logreira v. Sec'y Dep't of Corr., 161 F. App'x 902, 904 (11th Cir. 2006) (affirming finding that petitioner did not meet burden of showing due diligence in inquiring with Florida appellate court regarding disposition of state habeas petition where petitioner "provided evidence of his repeated attempts to contact the Florida appellate court through mail, [but] he did not show that he took any steps, other than mailing letters, to gain information concerning his petition"). *Cf.* Knight, 292 F.3d at 711 (holding equitable tolling warranted where Georgia

Supreme Court clerk had assured Knight he would be notified when decision made but then sent decision to wrong person and Knight exercised due diligence in inquiring after 15 months had passed, but noting that "not in every case will a prisoner be entitled to equitable tolling until he receives notice" as "[e]ach case turns on its own facts"); Mashburn, 713 F. App'x at 840 (holding "Mashburn acted with reasonable diligence," where state court had assured him it would not rule on State's motion to dismiss until it had ruled on his pending discovery motion and allowed him to respond to motion to dismiss, "Mashburn had no reason to suspect the court would, contrary to its representations, summarily dismiss his Rule 32 petition without ruling on the outstanding discovery motion, setting a briefing schedule, or otherwise giving Mashburn an opportunity to even respond," and failure of court clerk to serve dismissal order "compounded the problem," and Mashburn filed first motion to set aside dismissal "only sixteen days after he was advised of the dismissal order" even though he had six months to seek out-of-time appeal under Rule 32.1(f)). *See also, e.g.,* Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999) (affirming dismissal of § 2254 petition as untimely and explaining, among other things, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing"); Helton, 259 F.3d at 1313-14 (rejecting petitioner's equitable tolling argument

Case No. 1:24cv098-MW/MAF

that he "was prevented from obtaining accurate information due to deficiencies in the prison library where he was being held").

The cases Le Boss cites, Knight and Mashburn, are distinguishable. In Knight, the petitioner did not learn of the denial of state court relief until after the one-year AEDPA limitations period had expired and, in that case, the Georgia Supreme Court clerk had specifically assured the petitioner "that he would be notified as soon as a decision was made." Knight, 292 F.3d at 711. Among other things, the Eleventh Circuit noted that "not in every case will a prisoner be entitled to equitable tolling until he receives notice" and "[e]ach case turns on its own facts." Id.

Similarly, in Mashburn, neither party learned about the dismissal of Mashburn's Alabama state post-conviction proceeding "until approximately sixteen months later," because the clerk of the state trial court did not serve the dismissal order as required by Alabama law. Mashburn, 713 F. App'x at 834. Sixteen days after learning about that dismissal, Mashburn filed a pleading seeking to set aside the dismissal order. Id. at 835. After the State objected, Mashburn filed another pleading seeking relief from judgment and an out-of-time appeal. Id. The Alabama Court of Criminal Appeals permitted an out-of-time appeal and affirmed the dismissal of the post-conviction proceeding; thereafter, the Alabama Supreme Court denied certiorari. Id.

Seven months later, Mashburn filed a § 2254 petition and the district court granted the State's motion to dismiss it as untimely. *Id*. On review, the Eleventh Circuit "conclude[d] that equitable tolling applies under the unique and exceptional circumstances of this case." *Id*. at 836. Mashburn, like the petitioner in Knight, did not learn about the dismissal of his state case until after the AEDPA limitations period had expired. *Id*. at 840. The Eleventh Circuit explained that "Mashburn exercised sufficient diligence under the circumstances to invoke equitable tolling," as he attempted to fulfill the AEDPA condition that he "invoke one complete round of the State's established appellate review process" by quickly seeking an out-of-time appeal. *Id*.; *see id*. at 841-42. Given all this, the court held that "equitable tolling applies from the date the Rule 32 appeal period expired on May 13, 2010 until Mashburn filed a pleading successfully seeking an out-of-time appeal under Rule 32.1(f) on October 12, 2011," ultimately rendering his § 2254 petition timely filed. *Id*. at 842.

In this case, Le Boss indicates he received notice of the conclusion of his direct appeal five months later, in September 2023. Even assuming this is true, the delayed notice does not appear to have been the fault of the court clerk, as it was in both Knight and Mashburn. Further, at the point Le Boss indicates he received notice, his AEDPA limitations period had not yet

expired, unlike the timing situations in <u>Knight</u> and <u>Mashburn</u>.  Indeed, Le Boss still had eight (8) months to file his federal habeas petition, in the absence of additional tolling activity.  Like the petitioner in <u>Mashburn</u>, Le Boss had not fully exhausted his state court remedies as he had not petitioned for further review by the next highest court.  In contrast to the situation in <u>Mashburn</u>, however, nothing indicates Le Boss filed anything in state or federal court until he filed this § 2254 petition in June 2024.  *See* ECF No. 9 at 2; Ex. I.

Based on the foregoing, Petitioner Le Boss has not shown entitlement to equitable tolling.  He has not met his burden of demonstrating either that he diligently pursued his rights under the AEDPA or that some extraordinary circumstance kept him from timely filing his § 2254 petition.  His § 2254 petition should be dismissed as untimely.

## Conclusion

The § 2254 petition is untimely and Petitioner Le Boss has not demonstrated entitlement to any exception to the one-year AEDPA limitations period.  Therefore, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 9, be **GRANTED**, and the § 2254 petition, ECF No. 1, be **DISMISSED as untimely**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability. The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 9) be **GRANTED** and the § 2254 petition (ECF No. 1) be **DISMISSED as untimely.** It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 28, 2025.

<u>S/  Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**